Grimke, J.
James Winn was prosecuted before a justice of the peace in Muskingum county for an assault and battery. He did *346 not plead guilty, but was, notwithstanding, fined by the magistrate. To reverse this judgment, he sued out a writ of certiorari in the court of common pleas. The court dismissed the writ for want of jurisdiction, and to reverse this order the present writ of certiorari was sued out of this court.
Before the act allowing writs of error in criminal cases, it was considered the settled law of the state that no power existed in the Supreme Court to award them; the reason of which *was, [346 that the courts have no common law jurisdiction in criminal cases. Certain implied powers must necessarily be vested in the courts of justice, from the nature of their institution, but jurisdiction of crimes against the state is not one of them. All the legislative provisions respecting proceedings in certiorari, are contained in the act defining the powers of justices of the peace, and there is not one of them which has any application to proceedings in criminal cases. Section 62 is indeed inconsistent with any such intention on the part of the legislature, for it declares that the cause shall bo retained by the court for trial and judgment, as in cases of appeal. If any inconvenience results fi’om this state of the law, it maybe remedied by the legislature, who have already authorized the writ of error in certain specified cases.
I would remark, however, that if the court of common pleas could exercise common law jurisdiction, that it would be doubtful whether the mischief complained of could be prevented. A writ of error in criminal eases (and a writ of certiorari is substantially a writ of error) never operates in Great Britain as a supersedeas. “ It has been thought better,” says Lord Eldon, in Huguenin v. Bosely, 15 Vesey, 180, “ that particular mischief should bo suffered than that there should be delay in inflicting the punishment.” Mr. Erskine, in the celebrated case of The King v. Stockdale, in answer to the remark's of the solicitor general, that if his client felt himself aggrieved by the judgment of the court, he might prosecute a writ of error, reminds him that it could have no effect, that this client would be sure to suffer the penalty of the law, even while the writ of error was pending.
I have said that the writ of certiorari is essentially a writ of error. It is true, it lies only in those cases where the proceedings are not according to the course of the common law; but the writ itself' constitutes a part of the body of the common law. And if it were the creature of legislative enactment in England, the diffi *347 culty would be still farthor increased, as we have no enactment authorizing it in criminal cases, and declaring the course of practice under it.
Goddard and Convers, for the plaintiff in error.
Stillwell, for the state.
347] *In England, the court of king’s bench, by virtue of its superintending control over all subordinate tribunals, has jurisdiction of writs of certiorari. The exercise of the power has grown up under the sanction of that common law principle. But with us it has always been a maxim (I may say a part of the common law of Ohio), that the whole course of procedure relative to crimes against the state should be the subject of legislative enactment. There are the wisest reasons for the adoption of this principle, and once adopted in the gross, it becomes impossible not to follow it in its details.
Judgment affirmed.